IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO. 3:22-cr-00157-KDB** |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID TATUM** | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL**

The United States of America files this response in opposition to Defendant's "Motion for a Judgment of Acquittal." Defendant moves for Judgement of Acquittal pursuant to Federal Rules of Criminal Procedure Rules 29 and 33. A motion for judgment of acquittal pursuant to Rule 29 is appropriate when a defendant challenges the sufficiency of the evidence, which defendant does not do. His motion is more appropriately characterized as a motion for new trial pursuant to Rule 33 because his only argument is that the Court erred in instructing the jury on the law regarding the definition of "lascivious exhibition of the anus, genitals, or pubic area of any person" under Title 18, United States Code, Section 22556(2)(A)(v). As explained below, the Court properly instructed the jury. Accordingly, Defendant's motion should be denied.

**I.     Motion for Judgement of Acquittal Pursuant to Rule 29**

Rule 29(c)(2) provides that, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "When bringing such a challenge, a defendant 'faces a heavy burden'—this Court must give full play to

1

the jury to resolve testimonial conflicts, weigh the evidence, and 'draw reasonable inferences from basic facts to ultimate facts.'" *United States v. Dennis*, 19 F.4th 656, 665 (4th Cir. 2021) (citations omitted). "And while [the Fourth Circuit] review[s] the district court's conclusions de novo, [the Fourth Circuit] can reverse a conviction only where no reasonable juror 'could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 665-66.

Although Defendant purports to raise a claim that the evidence was insufficient, he dedicates one conclusory sentence to that proposition in his argument. *See* ECF No. 56 at 6. He fails to reference a single fact that was insufficient for any element of any of the three Counts of conviction. Nor could he.

Having failed to articulate any argument or refer to any facts on this issue, the government relies on the trial evidence and the Court's ruling in denying his motion for judgement of acquittal at the close of all the evidence. Such trial evidence included, inter alia, that Defendant possessed and accessed with intent to view child pornography across multiple devices, that he masturbated to child pornography he generated through a "deep fake" website, and that he produced and transported child pornography across state lines from Maine to North Carolina. Accordingly, Defendant's motion for acquittal pursuant to Rule 29 should be denied.

## II. Motion for a New Trial Pursuant to Rule 33

Fed. R. Crim. P. 33(a) provides, in pertinent part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." *See also United States v. Fenn*, 584 F. App'x 114, 115 (4th Cir. 2014) (citing Federal Rules of Criminal Procedure Rule 33(a)). A district court "should exercise its discretion to grant a new trial sparingly," and "should do so only when the evidence weighs heavily against the verdict," *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (citation omitted), or when substantial prejudice

has occurred, *United States v. Jones*, 542 F.2d 186, 211 (4th Cir. 1976) (citations omitted). As explained below, Defendant has not met his burden.

### a. Background

Defendant's focus in this motion is with respect to Count 2, which charged him with substantive and attempted production of child pornography. ECF No.19. This charge related to the surreptitious recording that Defendant made of his 15-year-old cousin (M.C.) as she got naked in a bathroom to shower at the family vacation home in Maine.

The trial evidence showed that Defendant made the video of M.C. He captured himself setting up the camera at an angle from the floor that ensured that M.C.'s naked pubic area would be captured. M.C. and another relative identified Defendant in the video. Defendant flushed the toilet after he set up the camera and just prior to exiting to deceive any listeners into believing that he had used the bathroom, when in fact, the video showed that he had not. Defendant also took steps to conceal his unlawful conduct, deleting the video from his iPhone, and then moving the file onto an external hard drive and concealing it within a series of sub folders contained in the user manual of the external hard drive.

The evidence further showed Defendant's motive and intent, among other applicable 404(b) purposes, to capture a lascivious exhibition of M.C.'s genitals and pubic area. Defendant possessed videos of minors engaging in sexual intercourse. He utilized pictures of former girlfriends and a website called teen gallery to obtain images of minors that he then adapted and modified to make them depict a lascivious exhibition of the minors' genitals or pubic area. He accessed with intent to view over 1,000 files with titles indicative of child pornography, all of which contained the phrase, "PTHC," which stands for pre-teen hard core. He surreptitiously recorded other family members, including more minors, naked and showering in the bathroom.

And he recorded his former patient by directing a camera up her skirt as she sat at a table with Defendant during one of her therapy sessions with him. He also filmed up her skirt as he weighed the patient on a scale. His patient had turned 18 years old 5 days before the recording, and Defendant wrote in his notes that his patient was "17," thus indicating Defendant's mistake of fact that she was a minor.

The initial set of jury instructions submitted to the jury were agreed to by both parties. *See* ECF No. 42. Those instructions provide that "Child Pornography" involves the depiction of a minor "engaging in sexually explicit conduct." *Id.* at 10 (Inst. No. 9). The phrase, "engaging in sexually explicit conduct," includes "the lascivious exhibition of the anus, genitals, or pubic area of any person." *Id.* at 12 (Inst. No. 11). Lascivious exhibition "means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer." *Id.* at 13 (Inst. No. 12). "In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition," the parties agreed, and the Court instructed, the jury to consider several factors, including "Whether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Id.* at 13.

Given that Defendant was charged with attempt to produce child pornography, the parties further agreed on instructions related to attempt. *Id.* at 20. The relevant portion instructed the jury to determine whether the evidence proved beyond a reasonable doubt that "the defendant intended to commit the offense of employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct."

During deliberations, the jury had one question:

> Do we consider the defendant's motivation and point of view of what he thought would be "lascivious exhibition" when he took the "[M.C.]" video, or do we view the video in a vacuum to determine if the video is "lascivious exhibition"? Do we consider his parking lot interview where he admits to being a voyeur and

"getting off" if we consider the video not as a stand-alone but from the defendant's point of view and his motivation for taking it?

After hearing argument from both sides, the Court instructed the jury:

> It is for the jury to determine whether an image or video is "lascivious" as the Court has defined it for you. In considering this question the jury may consider all of the evidence and draw reasonable inferences from the evidence.
>
> Among the circumstances the jury may consider are the selection and positioning of the subject, whether the video contains extensive nudity, including video of her breasts and genitals, and the entirety of the context in which the video was made, including the Defendant's motivation and intent.

ECF No. 53.

### b. The Court Properly Instructed the Jury

Defendant agreed to instruct the jury that lascivious exhibition "means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer." *Id.* at 13 (Inst. No. 12). "In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition," the parties agreed, and the Court instructed, the jury to consider several factors, including "Whether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Id.* at 13.

The Fourth Circuit has not decided whether the jury can consider the producer's subjective intent or motive in creating the video when deciding "[w]hether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Id.* It has, however, given us some guidance. In *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019), the Fourth Circuit decided not to "define the parameters of any subjective-intent inquiry, because we can dispose of this case based on the objective characteristics of the video alone." But its "objective" characteristics alluded to factors that reflected defendant's subjective intent and motive in creating the video. *Courtade* involved a surreptitious bathroom video. The Court looked to defendant's deceit, manipulation,

5

Case 3:22-cr-00157-KDB-DCK   Document 57   Filed 05/25/23   Page 5 of 10

and direction in the video to conclude that it depicted more than "merely a girl showering, drying off, and getting dressed." *Id.* at 193. The Court also looked to defendant's efforts to position the camera in a way that ensured that the video captured the victim's breasts and genitals. *Id.*

Importantly, the Court focused on the objective characteristics of the video that reflected the "video's purpose." *Id.* ("[W]e are satisfied that the video objectively depicts a 'lascivious exhibition' because the images and audio—revealing deceit, manipulation, and the careful directing and filming of a young girl resulting in footage of her breasts and genitals—make clear that the *video's purpose* was to excite lust or arouse sexual desire in the viewer.") (emphasis added).

Other Circuits agree that the defendant's motives and intentions in creating a surreptitious video are relevant for the jury's consideration. *See United States v. Wells*, 843 F.3d 1251, 1255 (10th Cir. 2016) (explaining that "lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles") (citation omitted); *United States v. Holmes*, 814 F.3d 1246, 1251–52 (11th Cir. 2016) ("depictions of otherwise innocent conduct may in fact constitute a 'lascivious exhibition of the genitals or pubic area' of a minor based on the actions of the individual creating the depiction"); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) ("The picture of a child 'engaged in sexually explicit conduct' within the meaning of 18 U.S.C. §§ 2251 and 2252 as defined by § 2255(2)(E) is a picture of a child's sex organs displayed lasciviously—that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur.").

As the Court acknowledged prior to instructing the jury in this case, the Circuits are split, however, on whether to consider a defendant's motive and intent in producing a video. The leading decision in support of Defendant's position, which he cites, is *United States v. Hillie*, 38 F.4th 235
6

(D.C. Cir. 2022). The *Hillie* Court defined "lascivious exhibition of the anus, genitals, or pubic area of any person" as meaning, "the minor displayed his or her anus, genitalia, or pubic area in a manner connoting that the minor, or any person or thing appearing with the minor in the image, exhibits sexual desire or an inclination to engage in any type of sexual activity." *Id.* at 236. This definition is problematic for a number of reasons, but most importantly, it improperly focuses on the *minor's* sexual desire or inclination to engage in sexual activity. No one would credibly disagree that infants and toddlers, as well as unconscious or drugged children, are unable to "exhibit[ ] sexual desire or an inclination to engage in any type of sexual activity." And yet, *Hillie* eliminates the ability to prosecute the offenders who produce, possess, and distribute the lascivious exhibition of genitals of victims too young or incapacitated to demonstrate a desire to engage in sexual activity.

This also reads out important parts of the production statute, which emphasizes that the heart of the offense is the offender who "*employs, uses, persuades, induces, entices, or coerces* any minor to engage in . . . [the lascivious exhibition of the genitals]." 18 U.S.C. § 2251(a) (emphasis added). Those verbs play an important role, which the *Hillie* definition ignores by focusing on the minor's actions. As the dissent in the decision denying en banc review indicates, "None of our sister circuits have adopted an interpretation focusing on the minor's 'sexual desire' or 'inclination to engage in sexual activity.'" *Hillie*, 38 F.4th at 243 (Rao, J., dissenting). The D.C. Circuit's definition uniquely threatens cases of the youngest and most vulnerable victims, including infants and toddlers, sleeping or drugged children, and those unwittingly used or compelled to act a certain way, all of whom are incapable of "exhibit[ing] sexual desire or an inclination to engage in any type of sexual activity." *Hillie*, 38 F.4th at 236. This is neither an abstract nor hypothetical concern, as Defendant argued in closing that the production video was

7

not child pornography because *M.C.* did not engage in sexually explicit conduct.

Additionally, by starting with "the minor displayed his or her anus, genitals, or pubic area," the *Hillie* definition ignores that the lascivious exhibition of the genitals can be *of any person.* 18 U.S.C. § 2256(2)(A)(v) ("'sexually explicit conduct' means actual or simulated lascivious exhibition of the anus, genitals, or pubic area of *any person*") (emphasis added). Instead, *Hillie* restricts the lascivious exhibition to the minor's genitals and eliminates the criminalization of an adult's genitals pictured with a clothed minor. *See, e.g., United States v. Lohse*, 797 F.3d 515, 518 (8th Cir. 2015) (upholding defendant's conviction for production when defendant filmed himself naked with his penis on or near his three year old victim's face while she was sleeping and clothed).

Apart from all this, Defendant foreclosed his ability to rely on *Hillie* and its progeny because he agreed to the *Dost* factors in Jury Instruction 12, ECF No. 42 at 13, and *Hillie* rejected the *Dost* factors, 14 F.4th 677, 691 (D.C. Cir. 2021) ("[W]e decline to adopt the *Dost* factors, and thus we find unpersuasive those decisions of our sister circuits that follow the *Dost* factors, or that use *Dost* as the foundation for construing 'lascivious exhibition of the anus, genitals, or pubic area' . . .").

Tatum also block-quotes *McCoy* and *Heinrich* without articulating their connection to his position. Nevertheless, these decisions are not helpful because they suffer from the same fatal infirmities that plague *Hillie*: they suggest a focus on the minor's conduct depicted in the image instead of the defendant's conduct in creating the content. *See United States v. McCoy*, 55 F.4th 658, 661 (8th Cir. 2022) ("the videos do not suggest sexual coyness or a willingness to engage in sexual activity"); *United States v. Heinrich*, 57 F.4th 154, 161 (3d Cir. 2023) ("In sum, § 2251(a)'s actus reus requires proof beyond a reasonable doubt that the defendant engineered conduct involving a child that the jury, considering all the facts and context, finds sexually explicit.").

Moreover, the value of *McCoy* is questionable since a rehearing was granted and the opinion was vacated. *See United States v. McCoy*, No. 21-3895, 2023 WL 2440852, at *1 (8th Cir. Mar. 10, 2023) ("The opinion and judgment dated December 15, 2022 are hereby vacated. This case will be placed on the calendar for oral argument in St. Louis, Missouri during the week of April 10-14, 2023.").

Finally, Defendant was charged with the completed *and attempted* production of child pornography. Attempt requires the specific intent to commit the crime, which squarely places Defendant's motives and intent at issue in attempting to produce child pornography. Instead of *McCoy*, the more applicable Eighth Circuit case is *United States v. Johnson*, which involved charges against Johnson for completed and attempted production of child pornography. 639 F.3d 433. The *Johnson* Court explained that "even images of children acting innocently can be considered lascivious if they are intended to be sexual." 639 F.3d at 440. The *McCoy* Court distinguished its case from *Johnson* on the grounds that McCoy was only charged with substantive production, not attempt. *See McCoy*, 55 F.4th at 662 ("Here, by contrast, the jury was instructed on a completed offense under 18 U.S.C. § 2251(a) rather than attempt under 18 U.S.C. § 2251(e)"). Indeed, even Judge Kastas, who concurred in the denial of rehearing en banc in *Hillie*, noted that evidence that Hillie "surreptitiously recorded girls 'by hiding a video camera in the bathroom ceiling vent and in a bedroom dresser'" could be relied upon by the jury in *attempted* production to "readily infer that his interest in the girls was sexual, not sartorial or urological" and "[g]iven that, the jury could further infer that Hillie hoped to capture sexually explicit conduct, not merely things like changing clothes or using the toilet." *Hillie*, 38 F.4th at 241, n.1, (Kastas, J., concurring) (noting that the government did not seek en banc review of the panel's vacatur of the attempt convictions).

9

Accordingly, the interest of justice do not require a new trial because the Court properly instructed the jury on Defendant's motive and intent in creating the video. The Court's instruction coheres with the Fourth Circuit's guidance in *Courtade*, 929 F.3d at 193, which focused on the evidence that demonstrated the offender's "purpose" in creating the video: "the video's purpose was to excite lust or arouse sexual desire in the viewer."

## CONCLUSION

For the reasons explained above, Defendant's "Motion for Judgment of Acquittal" should be denied.

**RESPECTFULLY SUBMITTED**, May 25, 2023.

                DENA J. KING
                UNITED STATES ATTORNEY

By:    s/ *Daniel Cervantes*_____
         Assistant United States Attorney
         FL Bar Number: 40836
         United States Attorney's Office
         227 West Trade Street, Suite 1650
         Charlotte, North Carolina 28202
         Telephone: (704) 338-3115
         daniel.cervantes@usdoj.gov

         s/ Mark T. Odulio_____
         Mark T. Odulio
         Assistant United States Attorney
         North Carolina Bar Number: 50011
         United States Attorney's Office
         227 West Trade Street, Suite 1700
         Charlotte, North Carolina 28202
         Telephone: 704.338.3108
         Fax: 704.344.6629
         E-mail: Mark.Odulio@usdoj.gov